JOHN W. VOGT, Respondent, *v.* CHASE BROTHERS COMPANY, Appellant.

Contract — sale of apple trees f. o. b. fall or spring delivery, buyer's option — insufficiency of evidence to sustain contention that warehouse was substituted as place of delivery — damage to trees while in warehouse — where title had not passed risk of loss with seller.

Where plaintiff agreed to sell to defendant a quantity of apple trees f. o. b., defendant to have the privilege at its option of requiring delivery in the fall or in the following spring, and after the trees were dug up

plaintiff placed them in a warehouse suggested by defendant where the work of grading and sorting was completed and during the winter the trees while yet in storage were damaged by the cold, an action by plaintiff to recover the agreed price on the ground that the warehouse had been substituted for the railroad cars as the place of delivery cannot be successfully maintained where the evidence does not sustain the conclusion that there was a modification of the contract but it clearly appears therefrom that plaintiff, after utilizing the warehouse to put the trees in shape for the buyer, recognized that he was under a continuing obligation to load them on the cars. Title did not pass and risk of loss was with the seller. (Personal Property Law, § 100, rule 5; § 103; Cons. Laws, ch. 41.)

*Vogt* v. *Chase Brothers Co.,* 202 App. Div. 786, reversed.

(Argued January 26, 1923; decided March 6, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 7, 1922, affirming a judgment in favor of plaintiff entered upon a verdict.

*George S. Van Schaick* for appellant. Delivery on board cars at Dansville was essential to the passage of title. (Personal Property Law, § 100; *Conroy* v. *Barrett,* 95 Misc. Rep. 247; *Westmoreland* v. *Syracuse Lighting Co.,* 159 App. Div. 323; *Reichbart* v. *Smith-Eisemann Corp.,* 199 App. Div. 571; *Schultz & Co.* v. *De Nood,* 194 App. Div. 149.)

*George A. King* and *James O. Sebring* for respondent. The defendant waived the delivery of the trees at the car. (*Kimberly* v. *Patchin,* 19 N. Y. 330; *Terry* v. *Wheeler,* 25 N. Y. 520; *Cornell* v. *Clark,* 104 N. Y. 451; *Groat* v. *Gile,* 51 N. Y. 431; *Bradley* v. *Wheeler,* 44 N. Y. 495; *Gass* v. *Astoria Veneer Mills,* 121 App. Div. 182; *Currie* v. *White,* 45 N. Y. 822; *Gibson* v. *Tobey,* 46 N. Y. 637; *Husted* v. *Ingraham,* 75 N. Y. 251; *Park* v. *Raxter,* 86 N. Y. 586; *Adams* v. *Roscoe Lumber Co.,* 159 N. Y. 176.)

*Per Curiam.* In October, 1919, the plaintiff made a contract to sell to the defendant at an agreed price a large quantity of apple trees, delivery to be made on board cars at Dansville. The defendant was to have the privilege at its option of requiring delivery in the fall or in the following spring. " Fall delivery to be paid December 1; storage and spring delivery June 1." The sale was limited to trees which conformed to stated requirements of size and quality.

After the trees were dug up, but before they were graded and sorted so as to be ready for the market, the plaintiff placed them in storage at Dansville in a warehouse suggested by the defendant. After they reached the warehouse, the work of grading and sorting was completed. During the winter the trees while yet in storage were damaged by the cold. The plaintiff has sued for the agreed price, asserting that the warehouse had been substituted for the railroad cars as the place of delivery. The defendant maintains that the trees while in storage, awaiting delivery in the spring, were still the property of the seller.

We think the evidence upholds the defendant's position and no other. The witnesses, who state the conversation leading up to the storage at the warehouse, differ in points of detail. By none of them is there said anything which requires the conclusion that there was a modification of the contract. What followed shows clearly that no modification was intended. The plaintiff, after utilizing the warehouse to put the trees in shape for delivery to the buyer, clearly recognized that he was under a continuing obligation to load them on the cars. The correspondence between the parties, read in the light of the contract with the option there conferred upon the buyer, permits no other inference. It follows that title did not pass, and that the risk of loss was with the seller. (Personal Prop. Law, § 100, rule 5; Id. § 103; Consol. Laws, chap. 41.)

The judgment of the Appellate Division and that of the Trial Term should be reversed, and the complaint dismissed, with costs in all courts.

HOGAN, CARDOZO, POUND and MCLAUGHLIN, JJ., concur; HISCOCK, Ch. J., and CRANE, J., dissent; ANDREWS, J., absent.

Judgment accordingly.